JUDGE PATTERSON

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
MARTHA RUSS SCHIFFAHRTS, and
ERNST RUSS GMBH & CO KG
366 Main Street
Port Washington, New York 11050
Tel:   (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

08 CV 4410

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTHA RUSS SCHIFFAHRTS, as owner, and
ERNST RUSS GMBH & CO KG, as manager of
the MV MARTHA RUSS,

Plaintiffs,

v.

CHINA CHANGJIANG NATIONAL SHIPPING
CORPORATION JIANGDONG SHIPYARD

Defendant.
------------------------------------------------------------------X



08 CV _____ (___)

**VERIFIED COMPLAINT**

Plaintiffs MARTHA RUSS SCHIFFAHRTS, and ERNST RUSS GMBH & CO

KG (hereinafter collectively "PLAINTIFFS"), by its attorneys, Chalos, O'Connor &

Duffy, as and for its Verified Complaint against the Defendant, CHINA CHANGJIANG

NATIONAL SHIPPING CORPORATION JIANGDONG SHIPYARD (hereinafter

"CSC"), alleges upon information and belief as follows:

JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.     At all times material hereto, Plaintiff MARTHA RUSS SCHIFFAHRTS was and still is a foreign individual, with principal place of residence in Germany.

3.     The plaintiff MARTHA RUSS SCHIFFAHRTS is the owner of the vessel MV MARTHA RUSS.

4.     At all times material hereto, Plaintiff ERNST RUSS GMBH & CO KG was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with a principal place of business at Alsterufer 10, 20354 Hamburg, Germany

5.     The plaintiff ERNST RUSS GMBH & CO KG is the manager of the MV MARTHA RUSS, whose primary business is the management of ocean-going vessels.

6.     The defendant CSC is a shipyard operator that builds and repairs ocean going vessels.

7.     At all times material hereto, defendant CSC was and still is a foreign business entity duly organized and existing pursuant to the laws of China with a place of business at 9 Jiang Dong Road, 241001 Wuhu, China.

### AS AND FOR A CAUSE OF ACTION
### FOR BREACH OF THE SALES AND PURCHASE CONTRACT

8.     On December 6, 2006, PLAINTIFFS, as ownership interests of the ocean-going vessel MV MARTHA RUSS, entered into a contract with CSC, whereby CSC was to build the subject vessel.

9.     Following the construction and regular use of the vessel in worldwide trade, certain design and construction problems were experienced by the vessel.

10.     The underlying contract is a maritime contract under an extension and/or modification of the existing maritime law in the United States and the establishment of new maritime law in the United States.

11.     The terms and conditions of this contract provided that any disputes arising out of the sales and purchase contract shall be governed by English law and shall be referred to arbitration in London.

12.     Under the law of the United Kingdom, the underlying contract to build the M/V MARTHA RUSS is a maritime contract and claims for breach of that contract are maritime claims.

13.     The contract provided for the delivery of a vessel which is of good marine quality and conforms to good commercial shipbuilding standards, including working rudders, engine, steering gear, and structure of the ship.

14.     In breach of the contract, the MV MARTHA RUSS was not properly constructed, and required repairs and replacement of parts in the rudder, engine, steering gear, and portions of the deck.

15     PLAINTIFFS have, on several occasions, notified CSC of these problems and the resulting expenses for replacement parts and labor, totaling US$695,871.18.

16.     Although duly demanded, the Defendant CSC has refused to pay any reimbursement to PLAINTIFFS.

17.     The failure of the Defendant CSC to reimburse PLAINTIFFS for the amounts invoiced constitutes a breach of the maritime contract.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE

18.     During the course of performance, CSC owed a duty of care to construct and repair the vessel in a proper manner.  This duty extended to all parts of the vessel, including the rudder, engine, deck, and steering gear.

19.     CSC breached this duty of care when it negligently built and/or repaired the MV MARTHA RUSS, including negligent construction and/or repairs to the rudder, engine, steering gear, and portions of the deck.

20.     As a result of this breach, PLAINTIFFS were forced to incur costs for replacement parts as well as labor to replace or repair the deficiencies caused by CSC.

21.     Under English law, a maritime claim lies against CSC in negligence for direct loss and damage as well as consequential loss and damage.

22.     The total damages incurred by PLAINTIFFS as a result of the negligent construction of the MV MARTHA RUSS by CSC were $695,871.18.

## AS A CAUSE OF ACTION FOR DAMAGES

23.     The contract between the PLAINTIFFS and defendant CSC, provided that any disputes arising out of the sales and purchase contract shall be governed by English law and shall be referred to arbitration in London.

24.     Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

25.     In accordance with the terms and conditions of the contract, the PLAINTIFFS have initiated arbitration proceedings against defendant CSC in London.

26.     As best as can now be estimated, the PLAINTIFFS expect to recover the following amounts in London arbitration from defendant CSC:

| | | |
|---|---|---|
| A. | Principal claim | $695,871.18 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $ 186,661.00 |
| C. | Estimated attorneys' fees: | $ 100,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 50,000.00 |
| **Total** | | **$1,032,532.18** |

## PRAYER FOR RELIEF

27.     Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

28.     PLAINTIFFS believe that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

29.     As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the

Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil
Procedure.

     30.     Because this Verified Complaint sets forth an *in personam* maritime claim
against the defendant and because the defendant cannot be found within this District
within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime
Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment
and garnishment are met and Plaintiff seeks the issuance of process of maritime
attachment so that it may obtain security for its claims against the defendant and/or *quasi
in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or
award can be satisfied.

     WHEREFORE, Plaintiff prays as follows:

     A.     That the defendant be summoned to appear and answer this Verified
Complaint;

     B.     That the defendant not being found within this District, as set forth in the
Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire,
credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like
belonging to or claimed by the defendant within this District up to the amount sued for
herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

     C.     That this Court retain jurisdiction over this matter through the entry of a
judgment either by this Court, and/or the London arbitration panel, so that judgment may
be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.*
**US$1,032,532.18**, and that a judgment of condemnation and sale be entered against the

property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be

paid out of the proceeds thereof; and

      D.     That Plaintiff has such other and further relief as the Court may determine

to be just and proper under the circumstances.

Dated: Port Washington, New York
       May ___, 2008

                          CHALOS, O'CONNOR & DUFFY, LLP
                          Attorneys for Plaintiff,
                          MARTHA RUSS SCHIFFAHRTS, and
                          ERNST RUSS GMBH & CO KG

By:                                      

                          Owen F. Duffy (OD-3144)
                          George E. Murray (GM-4172)
                          366 Main Street
                          Port Washington, New York 11050
                          Tel:  (516) 767-3600
                          Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
MARTHA RUSS SCHIFFAHRTS and
ERNST RUSS GMBH & CO KG
366 Main Street
Port Washington, New York 11050
Tel:   (516) 767-3600
Fax:   (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARTHA RUSS SCHIFFAHRTS, as owner, and
ERNST RUSS GMBH & CO KG, as manager of
the MV MARTHA RUSS,

                              Plaintiffs,

                                                                        08  CV  _____  (____)

              v.
                                                                        **VERIFICATION**

CHINA CHANGJIANG NATIONAL SHIPPING
CORPORATION JIANGDONG SHIPYARD

                              Defendant.
-------------------------------------------------------------------X
STATE OF NEW YORK     :
                                       : ss.
COUNTY OF NASSAU     :


       BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

       1.       That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, MARTHA RUSS SCHIFFAHRTS and ERNST RUSS GMBH

& CO KG herein;

       2.       That he has read the foregoing complaint and knows the contents thereof;

3.      That he believes the matters to be true based on documents and

information obtained from employees and representatives of the Plaintiff through its

agents, underwriters and attorneys; and

4.      That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could

not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
        May 9, 2008

<div style="margin-left:40%">

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
MARTHA RUSS SCHIFFAHRTS and
ERNST RUSS GMBH & CO KG

By:

_____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
ofd@codus-law.com

</div>

Subscribed and sworn to before me this
May __9__, 2008

_____
Notary Public, State of New York

TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SE6112804
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 12, 2008

2